In the Matter of CHRISTOPHER J. TAYLOR, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 16, 1966.

*John G. Bonomi* of counsel (*Raymond P. Whearty* with him on the brief), for petitioner.

*Peter Campbell Brown* for respondent.

*Per Curiam.* Defendant was admitted to the Bar in 1936. In 1962 he was convicted in the United States District Court of unlawfully, willfully and knowingly failing to file income tax returns for the years 1955–1958, inclusive. He was sentenced to a prison term of six months on each of the four counts in the information, sentences to run concurrently. He served until paroled.

Respondent does not contest the conviction or any of the underlying facts giving rise to it. Nor does he dispute that this constitutes unprofessional conduct requiring some sanction (*Matter of Landis,* 21 A D 2d 488). The only question is what sanction is appropriate, and respondent's defense to the charges is limited to that question.

It appears that respondent, now 53 years of age, is a widower with three children, one of whom is partially self-supporting. His wife, after a long series of illnesses, physical and mental, committed suicide in 1963. After his release from prison he suffered a heart attack, and his present condition restricts the type of work he may safely engage in. His entire adult career, consisting of association with highly respectable law firms, interrupted by a period of creditable military service during World War II, was unexceptionable. He supported his family in reasonable comfort. In contrast, he found himself, on recovering from his illness, destitute, without employment, and without any reasonable prospect of earning a living for his family or himself.

Throughout this proceeding he has been completely frank in his interviews with the petitioner and in his testimony before the Referee. He attributes his failure to file returns to his lack of available funds to pay the taxes. And he explains this situation by an unusual ineptness in his domestic economy which, however, was characterized by no noticeable extravagance. He specifically rejected any suggestion that his wife's illnesses were the cause of his financial condition. Though he realized that this was a plausible explanation, he insisted that it just was not the fact.

Recently he has obtained employment as a general assistant to a real estate investor. It appears that this is a most fortuitous circumstance, removing the condition of utter despair which faced him. The position involves, as part of his duties, some work of a legal nature, such as researching the law which might affect the investments his employer contemplates and advising him in respect thereto.

We find that the circumstances to a large degree extenuate his conduct. Particularly impressive are his hitherto respecta-

ble career, the degree of punishment to which he has already been subjected, the co-operation he has given, and the candor he has displayed in this proceeding. In addition, no one has suffered by his misconduct other than himself. Under these particular circumstances, we find that a censure would be a sufficient sanction.

Respondent should be censured.

BOTEIN, P. J., McNALLY, EAGER, STEUER and CAPOZZOLI, JJ., concur.

Respondent censured.