In the Matter of ANONYMOUS No. 1, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 1, 1973.

*John G. Bonomi* of counsel for petitioner.

*Charles S. Desmond* of counsel for respondent.

*Per Curiam.* Petitioner, Association of the Bar of the City of New York, moves to confirm the Referee's report and requests that respondent be disciplined for professional misconduct. The Referee does not expressly find him guilty of misconduct. After noting that there is no dispute that respondent filed his returns and paid his taxes late, he refers to three cases cited in his report as holding that failure to file tax returns in violation of law constitutes professional misconduct within the purview of section 90 of the Judiciary Law. He concludes that the facts in this case dictate a limited need for additional sanctions.

The facts are undisputed. Respondent was indicted in the United States District Court for the Southern District of New York on two counts for failure to timely file income tax returns for 1965 and 1966. He pled guilty to the indictment. He was fined $500 on each count and placed on one day's probation by the sentencing Judge, who, on sentencing, after referring to respondent's honorable career and his activities in charitable organizations, stated: "[Respondent] is not charged here with tax evasions, he is only charged with failure to file his returns on time and whatever may be the case, I am satisfied there was never any attempt on the part of [Respondent] to evade the payment of taxes or to understate the amount of taxes due."

Petitioner relies on cases holding that failure to file tax returns in violation of law constitutes professional misconduct. But the cases are distinguishable from the case at bar. In each cited case there had been either fraud or willful attempt to evade the payment of taxes and the returns were eventually filed after prosecution had commenced. Not so in the case at bar. Respondent had informed the Government that the returns were forthcoming by applying for extensions of time in both years. He filed and paid before he was indicted. We agree with the Federal Judge that there was no attempt by respondent to evade the payment of taxes or to understate the amount of taxes due. And we note the uniformly good repute borne by the respondent during all his years as an attorney.

We conclude, after a careful evaluation of the particular facts in this case, that respondent's actions do not constitute misconduct as defined in section 90 of the Judiciary Law and, therefore, the petition is dismissed.

STEVENS, P. J., NUNEZ, LANE, STEUER and TILZER, JJ., concur.

Petition dismissed.