In the Matter of JOHN ARTHUR McNIFF, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 3, 1975

*John G. Bonomi* of counsel *(Ronald Eisenman* with him on the brief), for petitioner.

*John Arthur McNiff,* respondent *pro se.*

*Per Curiam.* Respondent was admitted to the Bar in the Second Department on June 24, 1953. On June 7, 1974, in the United States District Court for the Southern District of New York, he pled guilty to Count 1 of a two-count information which charged him with having willfully failed to file income tax returns for the years 1967 and 1968. He was sentenced to a prison term of 6 months, which was suspended, a $2,000 fine and one year probation.

Respondent does not question the conviction or any of the underlying facts giving rise to it, nor does he dispute that this constitutes unprofessional conduct requiring some sanction. *(Matter of Taylor,* 26 AD2d 88; *Matter of Landis,* 21 AD2d 488.) The only question then is what sanction is appropriate, and respondent's defense is so limited.

It appears that respondent started working at the age of 11 to help support his widowed mother, his sister and his widowed grandmother. After graduating from high school he enlisted in the United States Navy from which he was honorably discharged as a third class petty officer. He worked his way through the University of Minnesota where he received his law degree. He has supported his wife and three children as well as his mother and sister from his earnings as a lawyer. He has been an associate and a member of highly respectable law firms in this city. He attributes his failure to file returns to his lack of available funds to pay the taxes and to a severe depression and emotional instability following financial reverses and failures. His depressive state and emotional instability claims were corroborated by a psychologist at the hearings. He voluntarily disclosed his failure to file the returns when due. He later filed all the returns and paid about $30,000 on his tax liability. The audit of his returns had not been completed at the time of the hearing before the Referee. His final tax liability has not been determined. Respondent states he will pay it upon completion of the audit. Respondent, however, frankly stated that none of the evidence adduced at the hearing was intended to diminish his admission of guilt

but was directed solely to mitigation of the sanction to be imposed.

We find that the circumstances to a large degree extenuate respondent's conduct. Particularly impressive are his hitherto respectable career, the degree of punishment to which he has already been subjected, his voluntary disclosure of his failure to file the returns, payment of a substantial sum and his willingness to pay the balance of tax due, the co-operation he has given and the candor he has displayed in this proceeding. Furthermore, his misconduct has hurt no one but himself, and there seems to be no likelihood of recurrence. Under these particular circumstances, we find that a censure would be a sufficient sanction.

Respondent should be censured.

MARKEWICH, J. P., LUPIANO, CAPOZZOLI, LANE and NUNEZ, JJ., concur.

Respondent censured.