In the Matter of DANIEL J. DRISCOLL, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, October 21, 1976

*John G. Bonomi* of counsel *(William A. Primerano* with him on the brief), for petitioner.

*Myron J. Greene* of counsel *(Howard R. Udell* with him on the brief), for respondent.

*Per Curiam.* Respondent was admitted to practice in the Second Judicial Department on June 19, 1957. On June 17, 1970, in the United States District Court for the Southern District of New York, he entered a plea of guilty to one count of a three-count indictment charging willful failure to file Federal income tax returns for the years 1960, 1961, and 1962. He was fined $5,000 and placed on probation for three years.

Respondent does not deny the conviction or any of the underlying facts, but he contends that conviction for mere failure to file returns does not establish professional misconduct. The established rule is that such a conviction does constitute professional misconduct, at least in the absence of very special circumstances. *(Matter of McNiff,* 48 AD2d 408; *Matter of Landis,* 21 AD2d 488. Cf. *Matter of Anonymous No. 1,* 45 AD2d 88; *Matter of Anonymous No. 2,* 45 AD2d 89.) We think that this rule is correct and should not be overruled. Nor do we find in the present case the kind of very special circumstances that would cause respondent's conduct not to be professional misconduct. Therefore, we confirm the Referee's report sustaining the charge of professional misconduct.

In determining what sanction is appropriate, we are mindful of the following: (1) respondent has had an otherwise satisfactory record during the 19 years since his admission to the Bar, (2) he has paid all taxes, interest, and penalties involved, (3) he has suffered through two complete Federal trials on the charges of failure to file returns, (4) he claims that his failure to file returns resulted from overwhelming office pressures, (5) the conviction itself is of course a substantial punishment, (6) there appears to have been no dishonesty in the sense of a false return, and (7) in the final result, no one but respondent was hurt by the misconduct. Under these particular circumstances, we find that a censure would be a sufficient sanction.

Respondent should be censured. Respondent's motion to disaffirm the Referee's report and dismiss the petition should be denied.

Kupferman, J. P., Murphy, Lupiano, Birns and Silverman, JJ., concur.

Respondent censured.