In the Matter of DONALD G. MCCABE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 12, 1985

### APPEARANCES OF COUNSEL

*Patricia Smillie-Scavelli* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Gustave H. Newman* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice in the Second Judicial Department on December 20, 1961. On October 18, 1983, in the United States District Court for the Eastern District of New York, he pleaded guilty to one count of a four-count misdemeanor information charging him with failing to file income tax returns for the years 1977, 1978, 1979 and 1980. The court imposed a $10,000 fine, which respondent "paid" by rendering approved community service valued at $100 per hour, and unsupervised probation which terminated when those services were fully rendered.

Respondent does not question his conviction or the acts underlying it, nor does he dispute that in the absence of very special circumstances, a conviction for failure to file income taxes

constitutes professional misconduct. (*Matter of Wolk,* 61 AD2d 691.) The only question before us is what sanction is appropriate and respondent's defense is so limited.

The petitioner Departmental Disciplinary Committee urges the imposition of a six-month suspension. (*See, e.g., Matter of Richter,* 93 AD2d 505; *Matter of Walsh,* 55 AD2d 315.) The Referee has recommended a two-month suspension, giving mitigating weight to respondent's essentially unblemished legal career of 24 years (he was once informally admonished for not diligently filing a summons and complaint), his military and family background, his excellent over-all reputation in his community, and his long-standing practice of offering his services, without compensation, to school boards, hospital boards, and other civic and charitable organizations. Respondent asks that our sanction be limited to censure, urging that his background and the facts underlying his conviction fall more closely within the compass of such cases as *Matter of Wolk* (61 AD2d 691, *supra*), and *Matter of Driscoll* (54 AD2d 99; *see also, Matter of McGratty,* 89 AD2d 246; *Matter of Fahy,* 87 AD2d 340; *Matter of Claybrook,* 82 AD2d 447; *Matter of McNiff,* 48 AD2d 408). We agree.

It appears from the record that respondent was not motivated by dishonesty or venality in failing to file his tax returns, but was simply unable to manage the sporadic income from his law practice to meet his financial obligations. Unfortunately, it took a contact from an IRS agent to move respondent to seek professional assistance in filing late returns. Respondent gave up his law practice, but he was able in 1981 to obtain a position, in which he has continued to date, as house counsel with a stock brokerage firm which has advanced him substantial sums in order to enable him to pay back taxes, interest and penalties. Respondent has not represented private clients for several years and it is unlikely that he will be so engaged in the foreseeable future. In any event there is persuasive evidence in the record to indicate that he has been severely chastened by this experience, and it appears highly improbable that there will ever be a repetition by him of such misconduct. (*See, Matter of McNiff,* 48 AD2d 408, *supra.*)

Under all the circumstances presented, we believe that the deterrent effect of a two-month suspension, recommended by the Referee, would be unduly outweighed by the disruptive effect it would have on respondent's present employment and his efforts, thus far successful, to put his personal and professional life in

order. In all other respects, the Referee's report is confirmed. Respondent should be censured.

MURPHY, P. J., SANDLER, ROSS, CARRO and FEIN, JJ., concur.

Referee's report is unanimously confirmed except insofar as it recommends a two-month suspension, and respondent is censured.