In the Matter of DANIEL P. HOLLMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 3, 1991

### APPEARANCES OF COUNSEL

*Andrew M. Lawlor, P. C.,* for respondent.

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

### OPINION OF THE COURT

Per Curiam.

Respondent, Daniel P. Hollman, was admitted to the practice of law in New York by this Judicial Department on December 9, 1957. At all times relevant herein, respondent

has maintained an office for the practice of law within the First Judicial Department.

On April 13, 1988, respondent pleaded guilty in the United States District Court for the Southern District of New York to three counts of willfully and knowingly failing to file Federal income tax returns for the years 1983, 1984 and 1985, in violation of 26 USC § 7203. Respondent was sentenced on June 15, 1988 to a period of probation of one year, conditioned on the performance of 300 hours of community service, cooperation with the Internal Revenue Service (IRS) in establishing a repayment schedule and the submission of periodic reports of his earnings.

On June 28, 1988, the Departmental Disciplinary Committee commenced a "serious crime" proceeding based on these Federal misdemeanor convictions. (Judiciary Law § 90 [4] [d].) Thereafter, the Disciplinary Committee petitioned this court for an order directing that respondent be suspended from the practice of law (Judiciary Law § 90 [4] [f]) and directing that he be ordered to show cause why a final order of censure, suspension or disbarment should not occur. (Judiciary Law § 90 [4] [g].) On July 25, 1988, respondent filed an answer admitting the facts alleged by the Disciplinary Committee and requested an immediate hearing.

By order entered December 28, 1988, this court determined that the crimes respondent had been convicted of were "serious crime[s]" within the meaning of Judiciary Law § 90 (4) (d), denied interim suspension, and referred the matter to the Disciplinary Committee for a hearing, report and recommendation.

A Hearing Panel on November 9, 1988 received evidence and heard testimony from respondent and several character witnesses in his behalf. The following evidence was elicited.

Respondent is 57 years old, is married, with three children, and resides in Manhattan. He practices criminal law at the firm of Hollman & Byrne, in which he is 1 of 2 partners.

Upon graduation from Fordham Law School, respondent joined the United States Attorney General's Honors Program as a trial attorney in the Criminal Division of the Department of Justice in Washington, D.C. In 1959 he became an Assistant United States Attorney in the Criminal Division of the United States Attorney's office for the Southern District of New York. Thereafter, respondent held several other positions in State and Federal Government. In 1967 he was responsible for

starting and heading the Organized Crime Strike Force for the Eastern District of New York and thereafter the Joint Organized Crime Strike Force for the Southern District of New York.

After 16 years of government service, respondent entered private practice in 1973 and began to experience difficulties in managing his financial affairs. In 1979, the Internal Revenue Service audited respondent's 1977 Federal income taxes. At the time, respondent, who had not yet paid all of his taxes for 1978 and 1979, was advised by his accountant to await the result of the entire audit before doing so. As a result of the audit, respondent became obligated to the IRS for the approximate sum of $50,000 in taxes, penalty and interest for 1977, 1978 and 1979.

In 1980 an IRS agent was assigned to respondent to insure that respondent honored an agreement to make periodic payments in reduction of his tax debt. Respondent was also instructed to file all future returns directly with this agent. Respondent did not meet these obligations. He neither filed returns nor paid estimated taxes for 1981, 1982 or 1983. Respondent also remained in default on his tax obligations for prior years. When contacted by the IRS in 1984, respondent filed his return for 1981 but remained in default for the following two years. The IRS thereupon levied on respondent's bank account.

In 1986, the office of the United States Attorney for the Southern District of New York commenced an investigation of respondent and in March of 1988 charged respondent with (1) paying only a small fraction of his taxes for 1977, 1978 and 1979; (2) not paying taxes for 1980 and 1981, although returns had been filed; and (3) not filing returns or paying taxes for 1982 through 1985. Ultimately, respondent pleaded guilty to failing to file income tax returns for 1983, 1984 and 1985.

As directed by the Federal court, respondent performed community service and has cooperated with the IRS in establishing a repayment schedule consistent with his earnings. He has filed all past-due Federal tax returns and was discharged from probation in June of 1989.

Respondent testified before the Panel that he still owes the IRS close to $500,000. Respondent further testified that he has no assets, lives in a rental apartment, has no life insurance or medical insurance and no automobile. Respondent stated that his law practice is currently struggling but that he anticipates

that this condition will improve with the expected return of his partner to full-time work with the firm. Respondent stated that the IRS is his only creditor. Attorneys Thomas Cahill, Bernard Joyce and Paul Rooney, all of whom had known respondent for many years, testified that respondent has an excellent reputation in the community for honesty and integrity.

At the conclusion of the testimony, the Departmental Disciplinary Committee recommended that respondent be publicly censured. Thereafter, on March 29, 1990, the Hearing Panel issued a report, concluding in pertinent part as follows:

"It is clear to the panel, particularly after viewing respondent and listening to his candid and revealing testimony, that his misdeeds were not motivated by any deliberate venality or dishonesty. They did not involve client funds or any breach of client trust. Respondent has expressed sincere regret for what occurred. Our conviction that respondent will honor his obligations to the Internal Revenue Service in the future is supported by the fact that he is under the watchful eye of an IRS agent whose function is to insure such compliance. Whatever caused the psychological block which prevented respondent from honoring his tax obligations, it is clear to us that that block has now been removed. Respondent acknowledges that what he did was wrong, is truly repentant and certainly has suffered for his aberrational conduct.

"We do not believe that respondent's continued practice of law will in any way endanger his clients or the public at large. * * *

"On the other hand, we recognize that respondent's conduct should not go unsanctioned. DDC recommended a public censure and we accept that recommendation as the most appropriate under all the circumstances. Respondent has an otherwise unblemished legal career of 33 years, a complimentary military and family background, an excellent overall reputation in his community, and a dedicated history of public service. Moreover, he has been severely chastened by his experience and it appears highly improbable that there will ever be a repetition by him of his misconduct."

By notice of motion dated April 23, 1990, respondent seeks an order confirming the Hearing Panel's report and imposing the recommended sanction of public censure. The Departmental Disciplinary Committee does not oppose respondent's motion or the Hearing Panel's recommendation of public censure.

Respondent stands convicted of three counts of willful failure to file Federal income tax returns for 1983, 1984 and 1985 (15 USC § 7203), a Federal misdemeanor.

The record establishes that in failing to file tax returns the respondent was motivated neither by dishonesty nor venality. Rather, respondent was unable to manage the sporadic income from his law practice so as to meet his financial obligations. In addition, respondent has a lengthy unblemished legal career and an over-all excellent reputation in the community. *(See, Matter of McCabe,* 110 AD2d 335 [1st Dept 1985].)

Accordingly, the report of the Hearing Panel is confirmed, and the respondent is censured.

CARRO, J. P., ASCH, KASSAL, ELLERIN and SMITH, JJ., concur.

Respondent is censured.