In the Matter of MARTIN MENSCH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 17, 1992

## APPEARANCES OF COUNSEL

*Naomi Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Richard Schaeffer* of counsel *(Dornbush Mandelstam & Silverman,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Martin Mensch, was admitted to the practice of law in New York in the First Judicial Department on November 30, 1953. At all times pertinent to this proceeding respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent has been convicted of two counts of failing to file a New York State tax return, in violation of section 1801

(a) of the Tax Law of the State of New York, a misdemeanor. Although his conviction stems from his failure to file for calendar years 1986 and 1987, respondent has admitted a more prolonged failure to file State returns beginning in 1983 and lasting through 1988 and has additionally admitted a failure to file Federal returns for the same period. Respondent's unpaid State tax liability amounted to $153,332 and his unpaid Federal tax liability amounted to $469,572. He has since repaid all outstanding taxes, interest and penalties.

Citing respondent's conviction, petitioner commenced a "serious crime" proceeding against the respondent. After an evidentiary hearing, a Hearing Panel of the Departmental Disciplinary Committee has issued a report recommending that the respondent be publicly censured. Petitioner now moves, with the respondent's consent, for confirmation of its report and for the imposition of the recommended sanction.

Disciplinary sanctions imposed by this court for offenses such as those committed by the respondent range from public censure (*Matter of Hollman*, 164 AD2d 328; *Matter of McCabe*, 110 AD2d 335) to suspension from practice (*Matter of Walsh*, 55 AD2d 315), depending upon the mitigating circumstances involved.

In the case at bar, the record establishes that respondent was neither motivated by dishonesty nor venality. The record also establishes that his offense was unrelated to his practice and did not compromise the interests of his clients. Respondent has expressed sincere regret for his failings and, as noted, has repaid all amounts owed to the State and Federal Government. He has also taken steps to assure that the personal difficulties to which his failures are attributed will not recur. Finally, it is noteworthy that in his 38 years before the Bar respondent has committed no other transgressions.

In view of these mitigating circumstances, we agree with petitioner that the appropriate sanction in this matter is public censure.

Accordingly, the petitioner's motion is granted, the Hearing Panel's report is confirmed, and the respondent is hereby censured (*see, Matter of Hollman, supra*).

Murphy, P. J., Milonas, Ross, Asch and Rubin, JJ., concur.

Petitioner's motion is granted, the Hearing Panel's report is confirmed, and respondent is censured *(see, Matter of Hollman,* 164 AD2d 328).