In the Matter of IVAN S. FISHER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 17, 1992

APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Joel Cohen* of counsel *(Stroock & Stroock & Lavan,* attorneys), for respondent.

OPINION OF THE COURT

Per Curiam.

Respondent, Ivan S. Fisher was admitted to the practice of law in New York in the Second Judicial Department on December 18, 1968. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent has been convicted of one count of willfully failing to file an income tax return in violation of 26 USC § 7203 and two counts of failing to pay income taxes also in violation of 26 USC § 7203, all of which are misdemeanor offenses. Although respondent's conviction arose from events which took place in 1982, 1983 and 1984, he has voluntarily admitted that he either failed timely to file a return or failed to pay taxes for several other years beginning in 1977. Respondent's Federal tax liability for the period covered by the Federal investigation alone amounted to $548,000. Upon his conviction, respondent was given a suspended sentence and was placed on probation for 18 months. Having abided scrupulously by the conditions of his probation, respondent was discharged from probation on August 13, 1991.

Citing respondent's conviction, petitioner commenced a "serious crime" proceeding against the respondent. After an evidentiary hearing, a Hearing Panel of the Departmental Disciplinary Committee has issued a report recommending that the respondent be publicly censured. Respondent has now moved that the Committee's recommendation be confirmed and that the proceeding be concluded with the imposition of a public censure.

Disciplinary sanctions imposed by this court for offenses such as those committed by the respondent range from public censure *(Matter of Hollman,* 164 AD2d 328; *Matter of McCabe,* 110 AD2d 335)* to suspension from practice *(Matter of Walsh,*

55 AD2d 315), depending upon the mitigating circumstances involved.

The record in the present matter discloses numerous and substantial mitigating factors. It is clear that respondent's offenses were not motivated by dishonesty or venality and that they did not compromise the quality of his practice which the record indicates was exemplary. Respondent has, in addition, expressed sincere regret and has cooperated fully in all phases of the criminal prosecution and the present disciplinary proceeding. He has to date paid a substantial portion of his tax liability and has taken measures to assure payment of the remaining amount. He has also taken steps to assure that there will be no recurrence of any failure involving his obligations as a taxpayer; he has hired a new certified public accountant and office manager. We note also that respondent has volunteered his services on a *pro bono* basis and that he has engaged in charitable activities well beyond the 300 hours of community service required of him as a condition of probation. Finally, it is worthy of mention that the respondent has practiced law for some 24 years and during that substantial period has earned a reputation as a highly skilled criminal litigator. His ability and professionalism were attested to by several distinguished members of the Bar.

Taking into account all of these mitigating circumstances, we agree with the Departmental Disciplinary Committee Hearing Panel and, indeed, with the respondent, that the appropriate sanction in this matter is public censure.

Accordingly, the respondent's motion is granted, the Hearing Panel's report is confirmed, and the respondent is hereby censured *(see, Matter of Hollman, supra)*.

MURPHY, P. J., MILONAS, ROSENBERGER, ASCH and RUBIN, JJ., concur.

Respondent's motion is granted, the Hearing Panel's report is confirmed, and respondent is censured *(see, Matter of Hollman, 164 AD2d 328)*.