In the Matter of LEROY FRAZER, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 11, 1988

## APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*John Jacob Rieck, Jr.,* of counsel *(Doar Devorkin & Rieck,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Leroy Frazer, Jr., was admitted to practice as an attorney-at-law by the Appellate Division, First Judicial Department, on June 28, 1982.

On June 5, 1987 respondent pleaded guilty in the Criminal Court of the City of New York to two misdemeanor counts of failure to timely file his New York State personal income tax returns for 1984 and 1985 in violation of Tax Law § 695 (a) and § 1801 (a). On July 28, 1987 he was sentenced to a conditional discharge and 200 hours of community service.

Upon a prior application of the Departmental Disciplinary Committee, this court found that respondent had been convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), stayed his suspension from practice, and referred the matter back to the Departmental Disciplinary Committee for a hearing and report with respect to sanction. The hearing was conducted on December 10, 1987, and the Hearing Panel unanimously recommends that the respondent be publicly censured for his misconduct. Respondent now moves to confirm the Hearing Panel's report and recommendation, and counsel for the Departmental Disciplinary Committee also recommends that public censure be the sanction imposed and that the Hearing Panel's report be confirmed.

Respondent candidly admitted before the Hearing Panel that he did not timely file his Federal or State income tax returns for the years 1983, 1984 and 1985. The Hearing Panel found that respondent was not motivated by venality or dishonesty in his failure to file tax returns, and that his failure did not include an attempt to evade the payment of taxes. In fact, in some of the returns that he filed late, respondent was owed a refund. The Hearing Panel observed that respondent's crime was an aberrational act caused by a psychological block. Respondent is repentant and contrite and acknowledges that his conduct was wrong. He performed his community service obligation pursuant to the sentence with a public service organization that works with exoffenders, the Osborne Association. Impressed with the quality and dedication of respondent's service, Osborne has since hired respondent as a social worker advocate.

Under these circumstances, any sanction more severe than a public censure would be inappropriate. Considering the undisputed evidence of respondent's good character and integ-

rity during his many years of service in the public sector, and the fact that this incident was an aberrational act unmotivated by venality, the Hearing Panel's report and recommendation should be confirmed and respondent should be publicly censured. *(See, Matter of McCabe,* 110 AD2d 335.)

SULLIVAN, J. P., ASCH, ELLERIN, WALLACH and SMITH, JJ., concur.

Respondent is publicly censured.