In the Matter of JOSEPH FALLON, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 2, 1992

### APPEARANCES OF COUNSEL

*Naomi F. Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Joseph Fallon was admitted to the practice of law in New York by the Appellate Division, First Judicial Department, on February 2, 1970. At all times relevant

herein, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee (DDC) seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings of fact, conclusions of law and recommendation as to sanction provided in a report of a Hearing Panel of the DDC.

On May 15, 1990, respondent was convicted upon a plea of guilty in Albany City Court, Albany County, of one count of failing to file a New York State tax return in violation of section 1801 (a) of the Tax Law, a misdemeanor. Respondent was sentenced to a conditional discharge, a $10,000 fine and payment of any outstanding taxes within 90 days of the sentence. This conviction arose out of charges that respondent failed to file New York State income tax returns for 1986 and 1987.

By petition dated December 31, 1990, the DDC sought an order (1) determining that respondent had been convicted of a "serious crime" as defined in section 90 (4) (d) of the Judiciary Law and 22 NYCRR 603.12 (b); and (2) directing respondent, pursuant to section 90 (4) (g) of the Judiciary Law, to show cause before the DDC why a final order of censure, suspension or disbarment should not be entered.

By order entered May 6, 1991, this court determined that respondent had been convicted of a "serious crime" and referred this matter to the DDC for a hearing.

On August 6, 1991, a Hearing Panel was convened in this matter. Testimony was received from respondent and two character witnesses on his behalf. Respondent, age 49 and single, is primarily a civil practitioner who has been in a law partnership since 1982. Respondent's extensive history of voluntary public service, dating back to at least the early 1970's, was presented to the Hearing Panel. This included membership on community boards in the Bronx and Queens and participation in a variety of civic organizations. The character witnesses testified that they had known respondent for over 20 years and that they knew of his reputation for being a decent, honest, hard working individual who was long committed to voluntary public service.

With respect to his tax problems, respondent admitted that although his plea covered only 1986 and 1987, he had failed to file State or Federal income tax returns for approximately seven years. The exception was in 1985 when he did file a

return and pay taxes under a New York State amnesty program. Also, in 1986 he sent in an estimated tax payment of $18,000. Respondent testified that he had paid all outstanding Federal and State taxes and that negotiations were ongoing to resolve outstanding interest and penalties. Respondent attributed his tax problems to a personal inability to handle those matters.

In addition to the testimony and letters of support from clients and others received into evidence, staff counsel for the DDC noted that on April 19, 1985, the DDC issued an admonition to respondent concerning client neglect in a divorce matter. Staff counsel recommended that the circumstances of this case warranted a public censure.

By report dated October 10, 1991, the Hearing Panel issued its findings of fact, conclusions of law and recommendation of sanction. In pertinent part that report reads:

"The Respondent is sincere in his contrition and in his acknowledgment of wrongdoing. It is obvious that the non-filing was the result of a general pattern of carelessness in personal financial matters, even though the ultimate cause of this carelessness is less than clear. He has had a long record of selfless public service.

"It is the belief of the panel that Respondent has made substantial progress in addressing the root causes and that the general pattern of carelessness in personal financial matters has been substantially resolved. The panel also rests easy in the knowledge that the Respondent is aware that a repetition of misconduct would be likely treated most harshly by any future panel looking at his conduct.

"Particularly given the fact that the misdemeanor of which Mr. Fallon was convicted did not relate in any way to his rendering of legal services to a client, the panel recommends the sanction of public censure."

By notice of motion dated October 22, 1991, the DDC now seeks an order confirming the Hearing Panel's report and recommended sanction of public censure. To date, Mr. Fallon has not submitted a response.

Public censure has generally been the sanction imposed by this court for misdemeanor tax offenses where there are substantial mitigating factors. (*Matter of Hollman,* 164 AD2d 328 [1991]; *Matter of Frazer,* 139 AD2d 259 [1988]; *Matter of McCabe,* 110 AD2d 335 [1985].)

In spite of the inferences that may be drawn solely from

respondent's misdemeanor tax conviction and his admission of having failed to file tax returns for approximately seven years, the record indicates that respondent was not motivated by dishonesty or venality. His failure to file was attributable to a "general pattern of carelessness in personal financial matters" that did not relate to his practice. Respondent has expressed sincere regret and has acted to resolve his difficulties in every respect. In light of the foregoing and respondent's extensive record of voluntary public service, we find that there are sufficient substantial mitigating factors such that public censure is the appropriate sanction.

Accordingly, the motion of the petitioner is granted, the Hearing Panel's report is confirmed and the sanction of public censure is imposed.

ROSENBERGER, J. P., WALLACH, ASCH, KASSAL and SMITH, JJ., concur.

Motion granted, the Hearing Panel's report confirmed, and the sanction of public censure imposed.