In the Matter of MICHAEL F. NEWTON, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 17, 1992

**APPEARANCES OF COUNSEL**

*Naomi F. Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Roanne L. Mann* of counsel *(Stein, Zauderer, Ellenhorn, Frischer & Sharp,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Michael F. Newton was admitted to practice as an attorney and counselor-at-law in the State of New York by the Appellate Division, Second Judicial Department, on April 24, 1974. At all times pertinent herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On July 2, 1990, respondent was convicted upon his plea of guilty in Albany City Court, Albany County, of two counts of failing to file New York State tax returns for the years 1986 and 1987 in violation of section 1801 (a) of the New York State Tax Law, a misdemeanor offense. He was sentenced to imprisonment for 75 days, a $10,000 fine and a $62 mandatory surcharge. Petitioner Departmental Disciplinary Committee subsequently filed a "serious crime" petition pursuant to Judiciary Law § 90 (4), and, in an order entered on May 6, 1991, this Court referred the matter for a hearing. At the hearing, which was held on August 27, 1991, the Panel heard testimony from respondent and five character witnesses. In its written report, the Panel proposed that the sanction of public censure be imposed, and the Departmental Disciplinary Committee moved for an order confirming the Hearing Panel's recommendation. Respondent joins in petitioner's request for a public censure.

Although respondent's conviction related to his failure to file State tax returns for the years 1986 and 1987, he did not pay any State taxes for 1984 through 1987. During the same period, he paid estimated Federal taxes that were far short of the amount owed. However, there was substantial evidence in mitigation of his transgression. In that regard, the record establishes that respondent's failure to pay his taxes was due largely to mismanagement of his sporadic income and that he always planned to pay his taxes when he caught up with his various financial obligations. It is clear that there was no attempt to conceal income. In April of 1989, when respondent collected a substantial fee, he began to take steps to satisfy his tax liability, and he now relies upon an accountant, follows a budget and is addressing his problems with the assistance of professional counseling. In addition, respondent has an unblemished disciplinary history, as well as a noteworthy legal career. His misconduct, further, did not involve the misuse of client funds or breach of client trust. He was candid with the

Hearing Panel and expressed remorse for his actions. Respondent is highly regarded in his community, and he has an outstanding military and family background. At the date of the hearing, he had paid much of the taxes, interest and penalties due to both the Federal and State Governments, and he stated his intention of satisfying the remainder by borrowing money from family and refinancing his house. Under all the foregoing circumstances, public censure is the appropriate sanction (see, Matter of Hollman, 164 AD2d 328; Matter of Frazer, 139 AD2d 259; Matter of McCabe, 110 AD2d 335).

Accordingly, the petitioner's motion is granted, the report of the Hearing Panel is confirmed, and respondent is hereby censured.

The unpublished opinion Per Curiam of this Court filed and entered herein on November 5, 1992 is hereby recalled and vacated and the within substituted therefor.

MURPHY P. J., MILONAS, ROSS, ASCH and KASSAL, JJ., concur.

Petitioner's motion is granted, the report of the Hearing Panel is confirmed, and respondent is censured.