[641 NYS2d 844]

In the Matter of HERBERT P. MINKEL, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 7, 1996

**APPEARANCES OF COUNSEL**

*Hal. R. Lieberman* for petitioner.

*Susan Brotman* of counsel *(Clayman & Rosenberg,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Herbert P. Minkel, Jr., was admitted to the practice of law in the State of New York by the First Judicial Department on October 5, 1976. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was charged in the Criminal Court of the State of New York, County of New York, with a misdemeanor complaint alleging one count of failure to file a return or report for 1991 in violation of Tax Law § 1801 (a), which is a class A misdemeanor. Respondent pleaded guilty to the above-described misdemeanor complaint and, on December 14, 1994, he was sentenced to a conditional discharge and a fine of $10,000.

Respondent was also charged in the United States District Court for the Southern District of New York with a one-count information alleging his failure to file United States income tax returns for the years 1989, 1990 and 1991 in violation of 26 USC § 7203. Respondent pleaded guilty to the Federal information and, on February 3, 1995, the Federal court entered a judgment requiring respondent to (a) pay a fine of $20,000, (b) serve a four-month term of home detention, (c) perform 300 hours of community service, (d) participate in a psychological counseling program as directed by the Probation Department, and (e) be placed on probation for a term of three years.

On March 8, 1995, the Departmental Disciplinary Committee filed a "serious crime" petition against respondent pursuant to 22 NYCRR 603.12 (a) and Judiciary Law § 90 (4) (d). By a cross motion, respondent supported the petition determining that he had been convicted of a serious crime, but opposed the Committee's request for an interim suspension. By order dated June 9, 1995, this Court granted the Committee's petition deeming the offense of which respondent has been convicted to be a serious crime but denied the petition insofar as it sought an interim suspension, and referred the matter to a Hearing Panel for a hearing and to recommend the appropriate sanction (M-1254, M-1946).

With regard to the underlying facts of respondent's crimes, the Hearing Panel found that there was no evidence that respondent ever sought to avoid the payment of his taxes because

of an improper motive. The Panel noted that respondent did pay substantial taxes and there was no evidence that he sought to hide any income or failed to report earned income that was the proper subject of income tax. The Hearing Panel found that the evidence established that respondent's failure to file income tax returns was due to his zealousness in working on matters for his clients and was directly and causally related to a psychiatric condition as to which he has been successfully treated. Thus, the Hearing Panel credited the testimony of respondent's psychiatrist that respondent's crimes should be attributed to his obsessive-compulsive disorder. Respondent's and his character witnesses' testimony also supported this theory. Moreover, respondent has complied with the terms and conditions of the New York and Federal sentences and has paid the fine, past-due taxes and interest for the years for which he had failed to file returns. Finally, there is no question that, as the Hearing Panel also found, respondent's academic background and legal ability and accomplishments are outstanding. The Panel noted, "Based on the testimony of the witnesses, [respondent] is an accomplished and recognized bankruptcy authority who devoted himself fully to the bankruptcy field rather than seeking to lead a balanced existence."

With regard to an appropriate sanction, the Panel rejected the Committee's position that respondent should be suspended from the practice of law during his probation and recommended that respondent be privately censured.

By motion dated January 29, 1996, respondent seeks an order confirming the Hearing Panel's findings of fact and conclusions of law, and imposing private reprimand as a sanction. The Committee supports respondent's motion, but takes no position as to the recommended sanction and urges the Court to impose whatever discipline the Court deems appropriate.

Clearly, as noted by the Committee, it is generally the policy of this Court to suspend attorneys convicted of serious crimes for a period coextensive with the term of their criminal probation (*see, Matter of Coughlin*, 218 AD2d 194; *Matter of Markovitch*, 218 AD2d 180; *Matter of Greenberg*, 212 AD2d 310). However, while it is the general policy of this Court to suspend attorneys during a period of probation, the fact that an attorney is serving a probationary term is not a basis in and of itself for suspending an attorney (*Matter of Schwartz*, 164 AD2d 184).

Moreover, this Court has previously declined to follow this policy when the serious crime is based upon the misdemeanor offense of failing to file tax returns and, where substantial evi-

dence in mitigation exists, we have imposed a sanction of public censure. Thus, in *Matter of Duthie* (189 AD2d 197), respondent was sentenced to, *inter alia,* five years' probation for failing to file Federal income tax returns for two years and, despite the fact that he was still serving probation, this Court confirmed the Hearing Panel's recommendation that respondent be publicly censured.

Additionally, the fact that this Court did not impose an interim suspension in the instant case demonstrates that suspension is not automatically warranted whenever an attorney is serving probation.

Thus, we find that the probationary sentence respondent received is just one of the many factors which should guide this Court in determining an appropriate sanction. In light of the substantial mitigating factors, we do not find that it is appropriate to suspend respondent from the practice of law. However, since he is still serving a probationary sentence, a public, rather than private, censure is warranted.

For these reasons, respondent's motion to confirm the findings of fact and conclusions of law of the Hearing Panel should be granted, and respondent should be publicly censured.

ROSENBERGER, J. P., ELLERIN, ROSS, WILLIAMS and TOM, JJ., concur.

Respondent's motion is granted solely to the extent of confirming the Hearing Panel's findings of fact and conclusions of law; and to the extent it seeks to confirm the sanction recommended by the Hearing Panel, said motion is denied, and respondent is publicly censured.