[660 NYS2d 578]

In the Matter of HOWARD B. HORNSTEIN (Admitted as HOWARD BRUCE HORNSTEIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 24, 1997

### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Howard B. Hornstein, was admitted to the

practice of law by the Second Judicial Department on June 19, 1963, as Howard Bruce Hornstein. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On or about August 18, 1994, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of failure to make and timely file income tax returns for the years 1989, 1990 and 1991, in violation of 26 USC § 7203 (a misdemeanor). On November 18, 1994, he was sentenced to one month's imprisonment in a community correction center; one year's supervised release upon his release from the correction center; 200 hours of community service; a $5,000 fine; and a special assessment of $25.

Also, on or about August 18, 1994, respondent pleaded guilty in New York County Criminal Court to one count of failure to file a return or report for 1991, in violation of New York State Tax Law § 1801 (a) (a misdemeanor). On November 22, 1994, he was sentenced to a conditional discharge and a $10,000 fine.

Respondent notified the Departmental Disciplinary Committee (DDC) of his guilty pleas.

By order entered May 31, 1995, this Court granted the Departmental Disciplinary Committee's motion to deem the offense of which respondent was convicted a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (b) and referred the matter back to the Committee for a hearing to determine the appropriate sanction. The Court did not impose an interim suspension.

A Hearing Panel held hearings over three days, beginning in September of 1995, and concluding in March of 1996. Respondent was represented by counsel. In posthearing briefs, respondent argued that his conduct merited only a private reprimand, while staff counsel argued that a public censure would be more appropriate. On January 7, 1997, the Panel issued its report on the matter, recommending a three-month suspension.

By petition dated February 6, 1997, the DDC seeks an order confirming the Hearing Panel's findings of fact and conclusions of law and imposing the recommended sanction.

By cross motion dated April 1, 1997, respondent seeks an order disaffirming the Panel's findings as to the recommended sanction and, instead, imposing a public censure or a lesser sanction. Respondent argues that a lesser sanction is war-

ranted in light of the substantial mitigation evidence he presented at the hearings.

It was respondent's claim in mitigation that, although wrongful, his failures to file were aberrations brought about by emotional stress related to his wife's illness and his business reversals in 1989, 1990 and 1991. The Panel declined to find a nexus between the illness of respondent's wife and respondent's inability to file. Although respondent suffered extreme financial reversals during the time period, the Panel did not find any relationship, noting that $80,000 of respondent's resources in 1990 and 1991 went to paying late taxes, interest and penalties. The Panel was greatly troubled by the presentence report and the transcript of the sentencing hearing in the Federal proceeding because it contained no mention of respondent's late filings. The Panel recommended a three-month suspension.

Disciplinary sanctions imposed by this Court for offenses such as those committed by respondent range from public censure (*Matter of Hollman*, 164 AD2d 328; *Matter of McCabe*, 110 AD2d 335) to suspension from practice (*Matter of Walsh*, 55 AD2d 315), depending upon the mitigating circumstances involved.

Respondent accepted full responsibility for his conduct. His testimony about his wife's medical problems, his financial problems and his admitted inappropriate late filing in earlier years was offered solely in mitigation and not to excuse, justify or minimize his conduct. The Federal court held that respondent's conduct was an aberration brought on by mental stress. Respondent has been a member of the Bar for 34 years with a previously unblemished record. Seven character witnesses appeared and testified to his reputation for honesty, integrity and trustworthiness. He has had a distinguished record of public service and dedication to community and charitable causes.

We therefore cannot agree with all of the findings and conclusions of the Hearing Panel. Taking into account all of the mitigating circumstances, we agree with respondent that the appropriate sanction in this matter is public censure.

Accordingly, the motion of the Departmental Disciplinary Committee and the cross motion of respondent are granted to the extent that respondent is hereby censured.

SULLIVAN, J. P., WALLACH, NARDELLI, RUBIN and TOM, JJ., concur.

Motion and cross motion granted to the extent of censuring respondent.