[670 NYS2d 447]

In the Matter of RICHARD H. KELLY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 19, 1998

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Timothy J. Brennan* of counsel *(Brennan Fabriani & Novenstern,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New York

by the Second Judicial Department on February 25, 1976. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

Respondent was charged in the United States District Court, Eastern District of New York, in an information with one count of interfering with the administration of the internal revenue laws, in violation of 26 USC § 7212 (a), and one count of filing a false income tax return, in violation of 26 USC § 7206 (1), both felonies under the United States Code. After trial, respondent was found guilty of count one. On May 9, 1997, he was sentenced to a prison term of 18 months, fined $5,000 and was required to pay an assessment of $50.

The Departmental Disciplinary Committee is now seeking an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause before the Departmental Disciplinary Committee which shall thereupon hold a hearing and issue a report and recommendation to the Court, pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension or disbarment should not be made.

Judiciary Law § 90 (4) (a) provides for automatic disbarment of an attorney who is convicted of a crime which would be a felony under New York State law, as defined in section 90 (4) (e). By contrast, under Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), a felony conviction for any criminal offense which would not constitute a felony under New York law is defined as a "serious crime." Under section 90 (4) (f), an attorney convicted of a serious crime shall be suspended by the Appellate Division until the conviction becomes final. Thereupon, the attorney shall be directed to show cause before the Committee why he or she should not be permanently suspended, disbarred or censured.

Respondent herein does not contest that the Federal felony of which he was convicted is a serious crime. However, he opposes his interim suspension on the ground that his appeal is pending (it was heard on February 9), and his conviction is likely to be overturned. Respondent additionally asserts that an interim suspension is not mandated even when the sentence includes a period of incarceration (*see, Matter of Hornstein*, 232 AD2d 134). Respondent points out that he has advised his clients regarding his conviction and they have asked him to continue to represent them. He argues that the fact that his

crime had nothing to do with his legal practice should be considered a mitigating factor. Finally, he asserts that if his conviction is not overturned, he will immediately cease the practice of law.

Respondent's reliance on *Hornstein (supra)* is misplaced, because there, the attorney was convicted only of a Federal misdemeanor. This Court has often held that an attorney convicted of a serious crime should not be permitted to practice law while on probation (*e.g., Matter of Greenberg,* 212 AD2d 310; *Matter of Lida,* 211 AD2d 255). Like respondent, the attorneys suspended in the above-cited cases were convicted of Federal crimes involving fraud, but apparently not involving their clients or their practice.

Deferral of the Committee's petition would be inappropriate. Judiciary Law § 90 (5) (a) allows for the review of a disciplinary sanction, when the conviction upon which the sanction was predicated is later reversed. It can be inferred that the Legislature instituted this procedure because it did not contemplate that sanctions should be delayed while the conviction was being appealed. Similarly, 22 NYCRR 603.12 (e) states that the "pendency of an appeal shall not be grounds for delaying any action". (*See also, Matter of Mitchell,* 40 NY2d 153, 157.)

Accordingly, the Committee's petition is granted in its entirety.

MILONAS, J. P., ROSENBERGER, ELLERIN, WALLACH and RUBIN, JJ., concur.

Petition is granted in its entirety, and the crime of which respondent has been convicted is deemed a serious crime, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective March 19, 1998, and until the further order of this Court. Respondent is further directed to show cause before a Referee who shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.