[674 NYS2d 45]

In the Matter of KENNETH L. EVERETT (Admitted as KENNETH LIBERTY EVERETT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 11, 1998

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Susan Brotman* of counsel (*Gentile & Benjamin,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State

of New York by the Second Judicial Department on October 17, 1962, under the name Kenneth Liberty Everett. Respondent has maintained an office for the practice of law in the First Department at all relevant times herein.

Respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of failing to file income tax returns for the calendar years 1989 and 1990, in violation of 26 USC § 7203, a misdemeanor under the United States Code. He was sentenced on or about July 24, 1996 to three years' probation, four months' home confinement, a $1,000 fine and an approved program for alcohol abuse. Respondent subsequently pleaded guilty on July 25, 1996 in the Criminal Court of the City of New York, County of New York, for failure to file a return for 1991, in violation of New York State Tax Law § 1801 (a). He was sentenced to a conditional discharge, the condition that he execute an affidavit of confession of judgment in the amount of $30,531.03 for the tax years 1989, 1990 and 1991.

This Court on January 17, 1997 deemed respondent's conviction a serious crime and referred the matter to the Disciplinary Committee to conduct a hearing and to recommend an appropriate sanction.

After a hearing, the Hearing Panel found that respondent currently owes the Federal Government $244,000 and the State government almost $40,000. Aside from the years as to which respondent pleaded guilty, in fact, there were a total of nine years as to which he acknowledged having failed to file his returns. In mitigation, the Panel found that respondent accepted responsibility for his conduct and appeared to be remorseful. In aggravation, the Panel found that respondent did not take any steps to file his income tax returns until he was visited by an Internal Revenue Service investigator. Also, he failed to pay quarterly estimated taxes or make timely estimated tax payments. Also in aggravation, the Panel found that respondent had substantial gross income during the years he failed to file. Moreover, respondent offered no explanation as to any extraordinary expenses or as to how his substantial income was dissipated.

The Panel recommends that respondent be publicly censured. As recognized by the Hearing Panel, the sanction that has generally been imposed by this Court for misdemeanor tax offenses where substantial evidence in mitigation exists is a public censure (see, Matter of Fallon, 179 AD2d 15). Thus, in Matter

*of Hornstein* (232 AD2d 134) and *Matter of Minkel* (221 AD2d 28), this Court imposed public censures upon attorneys convicted of failing to file income tax returns.

Respondent's psychiatric evidence regarding his obsessive-compulsive disorder is not sufficiently mitigating to justify a private reprimand. In fact, in *Matter of Minkel* (*supra*), this Court found that the respondent's failure to file therein was directly and causally related to his obsessive-compulsive disorder, but, nevertheless, imposed a public censure.

As we noted in *Matter of Minkel* (*supra*, at 31), "[i]n light of the substantial mitigating factors, we do not find that it is appropriate to suspend respondent from the practice of law. However, since he is still serving a probationary sentence, a public, rather than private, censure is warranted".

Accordingly, the motion by the Disciplinary Committee is granted, respondent's cross motion to disaffirm the Panel's recommended sanction is denied, and the Hearing Panel's report is confirmed in toto.

MILONAS, J. P., ELLERIN, NARDELLI, WILLIAMS and MAZZARELLI, JJ., concur.

Petition granted, and respondent publicly censured; cross motion to disaffirm the Hearing Panel's recommended sanction denied.