[675 NYS2d 339]

In the Matter of DANIEL P. LEVITT (Admitted as DANIEL PHILIP LEVITT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 16, 1998

## APPEARANCES OF COUNSEL

*Richard Supple* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Gerald E. Ross* of counsel (*Fryer & Ross,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice as an attorney and counselor-at-law in the State of New York on February 25, 1976 by the Appellate Division, Second Judicial Department, under the name Daniel Philip Levitt. At all times relevant, respondent has maintained an office for the practice of law in the First Judicial Department.

On April 17, 1995, respondent was convicted in the United States District Court for the Southern District of New York of failing to file income tax returns for 1989-1991, in violation of 26 USC § 7203. On or about the same date, respondent was convicted in the Supreme Court, New York County, of failing to file his New York State and New York City personal income tax return for 1992, in violation of Tax Law § 1801 (a).

In the Federal action, respondent was sentenced to, *inter alia,* four months of home detention, one year of probation and a fine. He was further directed to continue receiving psychiatric counseling. For his State case, respondent was sentenced to a conditional discharge and a fine.

In an order dated November 24, 1995, we deemed the offense of which respondent was convicted to be a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) and directed a hearing to determine the sanction.

The Hearing Panel of the Committee in its report recommends that respondent receive a private reprimand. Thus, respondent has no disciplinary history, is professionally accomplished, and enjoys a good reputation for honesty and trustworthiness in his community. The report also indicates that respondent was "contrite, remorseful, and accepts full responsibility for his failing." Of most significance to the Panel's recommendation, however, was its acceptance of respondent's claim that his criminal acts were caused in significant part by two mental disorders, obsessive-compulsive disorder and obsessive-compulsive personality disorder. In so concluding, the Panel credited the testimony of respondent's psychiatrist.

In a case strikingly similar to the present one, *Matter of Minkel* (221 AD2d 28), where a respondent attorney failed to file tax returns for three years and was also sentenced in

Federal court to a term of probation, home detention and a fine, we found there was no evidence that respondent ever sought to avoid the payment of his taxes because of an improper motive. We also found that respondent did pay substantial taxes and there was no evidence that he sought to hide any income or failed to report earned income that was subject to income tax. In addition, we found in *Minkel* that respondent's failure to file income tax returns was due directly and causally to a psychiatric condition to which he had been successfully treated, namely, obsessive-compulsive disorder. We also found that respondent's academic background and legal ability and accomplishments in *Minkel* were outstanding. As noted by *Minkel*, in failure to file tax return cases "where substantial evidence in mitigation exists," this Court has imposed a sanction of public censure (*Matter of Minkel, supra,* at 30-31). Respondent has also been publicly censured by the United States District Court for the Southern District of New York for his misconduct. After the hearing concluded, he was also publicly censured in the Eastern District. We do not believe that a lesser measure of discipline is warranted by this Court.

Accordingly, the motion by the Disciplinary Committee is granted, the recommendation of the Hearing Panel is disaffirmed and respondent is publicly censured.

SULLIVAN, J. P., ROSENBERGER, ELLERIN, NARDELLI and WILLIAMS, JJ., concur.

Recommendation of the Hearing Panel is disaffirmed, and the petition is granted to the extent that respondent is publicly censured.