[690 NYS2d 553]

In the Matter of DONALD P. PARTLAND (Admitted as DONALD PHILIP PARTLAND), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 1, 1999

## APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Donald P. Partland, was admitted to the practice of law in the State of New York by the First Judicial

Department on December 22, 1964, under the name Donald Philip Partland. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On January 16, 1997, respondent pleaded guilty in the United States District Court for the District of New Jersey to one count of willfully failing to make and timely file income tax returns for the calendar year of 1989, in violation of 26 USC § 7203, which is a misdemeanor under the United States Code. Respondent was sentenced to confinement to his residence for four months, three years' probation and a fine of $5,000.

By order entered April 3, 1998, this Court granted the motion of the Departmental Disciplinary Committee (the Committee) for a determination that the crime of which respondent was convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b), and directed respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Committee why a final order of censure, suspension or disbarment should not be made.

The hearing was held on June 23, 1998. Committee staff recommended that respondent be publicly censured. Respondent's counsel requested a private reprimand as an appropriate sanction. By a report and recommendation dated September 29, 1998, the Referee recommended that respondent receive a public censure. In its determination made after oral argument on November 3, 1998, a hearing panel adopted the Referee's report without modification.

The Committee now moves for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) to confirm the recommendation of the Hearing Panel that respondent be publicly censured. By a cross motion dated April 21, 1999, respondent also seeks to confirm the reports of the Referee and Hearing Panel, but seeks the imposition of a private reprimand.

The facts regarding respondent's crimes are as follows. Although respondent pleaded guilty to failing to file a Federal income tax return in 1989, he had actually failed to timely file State and Federal tax returns for 1987 through 1992. In the spring of 1994, the IRS informed respondent that he was the target of a criminal investigation. Thereafter, before criminal charges were lodged against him, respondent filed all delinquent Federal and State returns. He has also paid all back taxes, including interest, owed to the Federal Government. He is negotiating with the IRS as to the amount he must pay in

penalties. He has entered into an arrangement with the New York State tax authorities whereby he is paying $200 a month until his debt to the State is paid off.

An attorney's failure to comply with his basic obligation to file tax returns is a serious offense which should subject the attorney to public discipline. In recent cases similar to this one, the trend in this Court has favored imposing public censure rather than private reprimand for misdemeanor tax offenses (*Matter of Levitt*, 243 AD2d 69; *Matter of Everett*, 243 AD2d 75; *Matter of Hornstein*, 232 AD2d 134; *Matter of Minkel*, 221 AD2d 28; *Matter of Hollman*, 164 AD2d 328). While there may be exceptional circumstances rendering public discipline unnecessary in some cases, there is nothing that distinguishes this case from our recent decisions. In any event, Judiciary Law § 90 specifically provides for sanctions and makes no mention whatsoever of a public censure that does not identify the attorney being sanctioned as respondent has sought.

It should also be noted that this Court recently rejected an attorney's plea for the imposition of an unpublished reprimand in the context of a reciprocal discipline proceeding in which the Maryland Court of Appeals imposed a reprimand (*Matter of Lillard*, 255 AD2d 88). This Court wrote, "[t]o issue an 'unpublished order' as respondent suggests would defeat the purpose of imposing a public sanction." (*Supra,* at 90.) Similarly, the publication of a censure which fails to reveal the identity of the respondent also defeats the purpose of imposing a public sanction.

Finally, aggravating factors here argue against private reprimand: (1) respondent pleaded guilty to only one year of failing to file, but actually failed to file any State or Federal returns for six years; (2) respondent's educational and professional background further compounds his misconduct since he has held an LLM in taxation since 1976, and he holds himself out as an expert in pension planning; and (3) respondent testified incredibly at the hearings that he did not realize he was committing a crime at the time he failed to file his tax returns.

Accordingly, the petition of the Committee should be granted and respondent should be publicly censured. The cross motion of respondent should be granted to the extent it seeks confirmation of the report of the Hearing Panel, which adopted the report of the Referee, and denied wherein it seeks a private reprimand.

SULLIVAN, J. P., WILLIAMS, MAZZARELLI, SAXE and FRIEDMAN, JJ., concur.

Petition granted, and respondent publicly censured. Cross motion granted to the extent it seeks confirmation of the report of the Hearing Panel, and denied to the extent it seeks a private reprimand.