[870 NYS2d 353]

In the Matter of Justine M. Clark (Admitted as Justine Marie Clark), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, January 20, 2009

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Jonathan Marc Davidoff* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Justine M. Clark was admitted to the practice of law in New York by the First Judicial Department on March 22, 1982, as Justine Marie Clark. At all times relevant herein, respondent maintained her office for the practice of law within the First Judicial Department.

On May 29, 2007, respondent pleaded guilty in Albany City Court to two counts of failure to file a tax return for the tax years 2003 and 2004 in violation of Tax Law § 1801 (a), a class A misdemeanor, in full satisfaction of a felony complaint. On October 9, 2007, she was sentenced to, inter alia, three years' probation, a $10,320 fine, 60 days' home incarceration and 40 hours of community service.

By unpublished order entered December 14, 2007, we deemed the offense of which respondent was convicted to be a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), and directed a Hearing Panel to conduct a hearing as to the appropriate disciplinary sanction.

The Hearing Panel held a hearing and respondent, represented by counsel, was the sole witness. At the close of the hearing, the Departmental Disciplinary Committee (Committee) suggested that a three-month suspension be imposed. Respondent urged that the appropriate sanction was a public censure. The Hearing Panel then issued a report, which concluded that in light of substantial mitigating factors, public censure was warranted.

The Committee now moves for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings of fact and conclusions of law, in part, and disaffirming, in part, the recommendation as to sanction as set forth in the Hearing Panel report, and instead imposing a three-month suspension. Respondent opposes the Committee's motion and requests that this Court affirm and adopt the Hearing Panel's report in its entirety including the recommendation of censure.

Respondent presented substantial mitigating evidence. It is uncontested that her failure to file taxes was due to a dire

financial situation which was primarily attributable to expenses she incurred in taking care of both her parents for over 20 years. She was not motivated by dishonesty, a lavish lifestyle or the desire for a personal accumulation of wealth. Moreover, respondent voluntarily disclosed her failure to file federal income taxes to the IRS. She corrected her failures with the IRS, reached an agreement, and complied with a payment plan to satisfy her outstanding federal taxes, plus interest and penalties. Respondent acknowledged and took responsibility for her failure to similarly reach out to the State Department of Taxation and Finance. She related her intention to contact the state after her federal liabilities were repaid. While she testified about severe debt and her medical and psychological problems, she did not seek to excuse or justify her conduct but to demonstrate how her mind set negatively contributed to her ability to adequately address her day-to-day personal needs. Respondent admitted that this caused her to pursue a course of action contrary to law, her own self-interest and her own good judgment. Respondent fully cooperated with the state authorities and the Committee in both the criminal and disciplinary matters. She has no disciplinary history, she has an excellent reputation as an honest and skilled practitioner, and she has expressed remorse.

Thus we confirm the Hearing Panel's finding that a public censure is an appropriate sanction for respondent's misconduct (*Matter of Everett*, 243 AD2d 75 [1998]; *Matter of Hornstein*, 232 AD2d 134 [1997]; *Matter of Newton*, 183 AD2d 363 [1992]).

Finally, the fact that respondent must serve a three-year probationary term does not require a suspension. This Court has declined to follow the policy of suspending attorneys convicted of serious crimes for a period coterminous with their criminal probation where "the serious crime is based upon the misdemeanor offense of failing to file tax returns and, where substantial evidence in mitigation exists" (*Matter of Minkel*, 221 AD2d 28, 30-31 [1996]; *Matter of Duthie*, 189 AD2d 197 [1993]).

Accordingly, the Committee's petition should be granted to the extent of confirming the Hearing Panel's report and recommendation in its entirety, and respondent publicly censured.

TOM, J.P., ANDRIAS, GONZALEZ, SWEENY and CATTERSON, JJ., concur.

Respondent publicly censured.