[874 NYS2d 435]

In the Matter of GERALD A. EPPNER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 3, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Gerald A. Eppner*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Gerald A. Eppner was admitted to the practice of law in the State of New York by the Second Judicial Department on March 22, 1967. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department.

On December 13, 2006, respondent pleaded guilty in New York City Criminal Court to two counts of failure to file income tax returns for the tax years 2003 and 2004 in violation of New York Tax Law § 1801 (a), a class A misdemeanor, and on that date he was sentenced to a conditional discharge and a fine totaling $20,000.

By unpublished order entered September 7, 2007, we deemed the offense of which respondent had been convicted to be a "serious crime" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), and directed a Hearing Panel to conduct a hearing as to the appropriate disciplinary sanction.

At the hearing, respondent admitted that although he pleaded guilty to failing to file state tax returns for 2003 and 2004, he also failed to file both New York State and federal tax returns for the years 2001, 2002 and 2005. Since the entry of his guilty plea in December 2006, respondent has filed all of his delinquent federal and state tax returns and has made considerable efforts to repay his outstanding tax liability.

Respondent attributed his failure to file and pay taxes to a significant increase in expenses and an unexpected drop in income which resulted in a substantial cash flow problem. Respondent explained that during the 1980s and 1990s, he experienced a significant increase in unforeseeable and extraordinary expenses related to his efforts to reunite with his three children from his first marriage from whom he had been estranged. These expenses included, among other things, the need to buy a larger home to accommodate the children from his first marriage, tuition expenses incurred by his children and the fact that he had to pay $350,000 in legal damages incurred by one of his sons.

Moreover, beginning in the early 2000s, the respondent experienced an unexpected decrease in income due to a March 2000 market downturn. The decrease in income was further ag-

gravated by the events of September 11, 2001, a capital call at his law firm, and a lack of virtually any IPO and venture capital financing work which was his area of practice.

Respondent believed that, because he did not have the money to pay the taxes, he could not file his returns. Thus, he failed to file his tax returns for 2001, and finding himself in a similar situation the following year, he again chose to forgo filing his taxes for 2002, 2003 and 2004.

Upon turning 65 years old in 2004, respondent was required to retire pursuant to the informal policy of the law firm where he worked. Although he remained as counsel, he suffered an even greater decrease in income, and did not file his taxes for 2005. In December 2005, he became counsel at a different law firm until early 2007. Respondent is currently a solo practitioner with a small number of clients and also conducts business activities in which he gives legal advice, generally to those at the senior executive level, and provides business development consultation.

Respondent called a former colleague who has known respondent since 1999 to testify for him. The former colleague vouched for respondent's integrity and expertise as an attorney, testified that he had worked directly with respondent at the time of his tax issues and those difficulties did not detract from respondent's commitment to ethically and competently serve his clients, and that no client suffered or was harmed by respondent's personal tax issues. Throughout the hearing, respondent acknowledged the wrongfulness of his conduct, the disgrace he brought to himself, his family and his profession, and that he offered no excuse for what he had done.

The Hearing Panel concluded that public censure was warranted. The Panel found in mitigation: (1) respondent's 40-plus years in a legal career which included service to the government and subsequent affiliations with several well-respected New York firms; (2) his acceptance of full responsibility and contrition for his conduct; (3) his considerable actions to rectify his misconduct and to reduce his outstanding tax liabilities; (4) the fact that his misconduct did not involve the misuse of client funds or otherwise cause harm to clients; and (5) given the severity of the penalties he has already received (and is still discharging), his retention of new tax accountants and his extreme remorse, there was little likelihood that respondent's conduct would reoccur.

The Hearing Panel noted that this Court had imposed censure where the failure to file taxes was caused by emotional and

financial pressures (*e.g. Matter of Hornstein*, 232 AD2d 134 [1997]). Furthermore, the Panel credited respondent's testimony that he was under extreme emotional pressures when he undertook the financial commitments which culminated in his failure to file his tax returns. The Panel also noted that this Court has imposed public censure where the attorney's failure to file was simply caused by the attorney's carelessness and financial mismanagement and not due to venality or dishonesty (*see Matter of Newton*, 183 AD2d 363, 364 [1992]; *see also Matter of Fallon*, 179 AD2d 15, 17-18 [1992]).

The Hearing Panel acknowledged that there were some factors in aggravation. For example, although respondent pleaded guilty to two counts of failure to file tax returns, he actually failed to file for a total of five years. However, the Panel observed that this Court has imposed censure even when an attorney's failure to file spanned more than one year (*see Matter of Partland*, 257 AD2d 209, 211 [1999] [censure despite failure to file for six years]; *Matter of Everett*, 243 AD2d 75 [1998] [censure where failure to file for nine years]; *Fallon, supra* [failure to file for seven years]). Second, the fact that respondent earned substantial compensation that was not subject to tax withholding during the period in question can be considered in aggravation; in 2001, the first year respondent did not file, he earned $1.6 million with a capital gain of about $920,000. However, the Panel noted that respondent had testified that the majority of his 2001 income was attributable to a one-time capital gain associated with the sale of his wife's stock to fund the extraordinary expenses they were incurring, therefore, it did not find that factor incompatible with a public censure (*see Everett, supra* [even though substantial income deemed an aggravating factor, censure was imposed]).

Now, the Committee seeks an order disaffirming the Hearing Panel report to the extent that it recommends censure and, instead, seeks an order imposing a three-month suspension (22 NYCRR 603.4 [d]; 605.15 [e] [2]). Respondent concurs in the Panel's recommendation of censure and asks this Court not to go beyond that recommendation.

As in all "serious crime" cases the only issue before us is the appropriate sanction to impose based upon the offense committed and any aggravating and mitigating circumstances. In a supporting memorandum of law, the Committee raises, inter alia, the same factors in aggravation, argues that respondent's

mitigating evidence was less than "substantial" and, therefore, censure is not warranted, and asserts that the fact that respondent incurred significant unexpected expenses was of his own choosing.

In requesting that we confirm the Panel's report, respondent, pro se, states, inter alia, that he made a "serious mistake" for which he offers "no excuse, because my actions are inexcusable," and he has already set forth "the unique background and circumstances surrounding" his mistake and believes the Hearing Panel took them into consideration when issuing its findings and recommendation.

Based upon the substantial evidence in mitigation and given our legal precedent, we confirm the Hearing Panel's report in its entirety and censure respondent.

Sanctions of attorneys convicted of misdemeanor tax offenses have ranged from private reprimand to censure to suspension. Public censure has been deemed appropriate in tax avoidance cases where the behavior is aberrational or marked by substantial mitigating circumstances or factors (see Everett, supra [failure to file tax returns for nine years, no explanation as to extraordinary expenses, IRS had to contact him but attorney accepted responsibility, was remorseful, and presented evidence of obsessive-compulsive disorder]; see also Matter of Levitt, 243 AD2d 69 [1998]; Matter of Minkel, 221 AD2d 28 [1996]). When less substantial evidence in mitigation has been presented, or when aggravating factors exist, attorneys have been suspended (see Matter of Burns, 242 AD2d 49 [1998] [six-month suspension]; Matter of Clay, 229 AD2d 50 [1997] [two-year suspension]).

Respondent has fully acknowledged and taken responsibility for his misconduct. It is undisputed that he has paid all back taxes to New York State and he continues to make payments towards satisfying his outstanding federal tax liability. Furthermore, he explained that his inability to pay his taxes was the result of a significant increase in expenses, and an unexpected drop in income which led to a substantial cash flow problem— and not motivated by dishonesty or an accumulation of wealth. Additionally, respondent has cooperated fully with all government authorities, he has an unblemished disciplinary record over his 40-year career, he is well-respected in the legal field, his misconduct did not harm any clients, and he has expressed regret and remorse for his actions.

Accordingly, we grant the Committee's motion only to the extent of confirming the Hearing Panel's findings of fact, and respondent is publicly censured.

FRIEDMAN, J.P., GONZALEZ, CATTERSON, MOSKOWITZ and FREEDMAN, JJ., concur.

Respondent publicly censured.