[34 NYS3d 1]

In the Matter of STANLEY L. COHEN (Admitted as STANLEY LEWIS COHEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 14, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Stanley L. Cohen was admitted to the practice of law in the State of New York by the Second Judicial Department on July 11, 1984, under the name Stanley Lewis Cohen. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On April 14, 2014, respondent was convicted, upon his guilty plea, in the United States District Court for the Northern District of New York, to obstructing and impeding the Internal Revenue Service in violation of 26 USC § 7212 (a), a felony under the laws of the United States. Respondent's guilty plea was based on, inter alia, his failure to file federal income tax returns for the tax years from 2005 through 2010 and his concealment of payments from clients.

Respondent subsequently pleaded guilty in the United States District Court for the Southern District of New York on May 1, 2014, for failure to file individual income tax returns in violation of 26 USC § 7203, a misdemeanor. Respondent's guilty plea was predicated on his failure to file his taxes for the tax years 2006 and 2007. During his allocution, respondent admitted that his decision not to file the returns was "knowing and willful." On May 21, 2014, respondent consented to the transfer of this case to the Northern District for consolidation with the other conviction arising from his violation under 26 USC § 7212 (a) for purposes of sentencing.

On November 21, 2014, in the United States District Court for the Northern District of New York, respondent was sentenced concurrently to 18 months in prison on the Northern District conviction and 12 months on each count on the Southern District conviction, to be followed by one year of post-release supervision on each count; and to make restitution.

By order dated December 11, 2014, the Northern District disbarred respondent from the practice of law before that court, effective immediately, based on both convictions. Respondent is currently incarcerated.

By notice of petition dated January 15, 2015, the Departmental Disciplinary Committee seeks an order: (1) determining that the crimes of which respondent has been convicted are "serious crimes" as defined by Judiciary Law § 90 (4) (d) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (b); (2) immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and (3) directing respondent to show cause (within 90 days from his release from prison) before a Hearing Panel of the Disciplinary Committee or a referee appointed by the Court, why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90 [4] [g]). The Committee served respondent, pro se, with its petition in prison, but he has not submitted a response.

For the reasons set forth herein, the Committee's petition is granted. Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as follows:

> "any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state, and any other crime a necessary element of which, as determined by statutory or common law definition of such crime, includes . . . willful failure to file income tax returns."

Section 603.12 (b) of the rules of this Court states in pertinent part as follows:

> "[t]he term 'serious crime' shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law, and any crime, other than a felony, a necessary element of which, as determined by the statutory or common law definition of such crime, involves . . . willful failure to file income tax returns."

It is undisputed that respondent's conviction of obstructing and impeding the Internal Revenue Service in violation of 26 USC § 7212 (a) is a "serious crime" insofar as it is a felony under the United States Code (*see Matter of Kelly*, 241 AD2d 45 [1st Dept 1998] [conviction under 26 USC § 7212 (a) deemed "serious crime"]).

Additionally, respondent's conviction for failure to file income tax returns, a misdemeanor under the Code, also falls within

the ambit of a "serious crime." 26 USC § 7203 provides, in relevant part, that

> "[a]ny person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records or supply such information at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 . . . or imprisoned not more than 1 year, or both, together with the costs of prosecution."

Since a necessary element of the statutory definition of this offense involves the willful failure to file income tax returns, its commission constitutes a "serious crime" within the meaning of the Judiciary Law and the rules of this Court (*see Matter of O'Brien*, 98 AD3d 60 [1st Dept 2012] [conviction under 26 USC § 7203 deemed "serious crime"]; *Matter of Partland*, 257 AD2d 209 [1st Dept 1999]).

Judiciary Law § 90 (4) (f) mandates that upon receipt of a record indicating that an attorney has been convicted of a "serious crime," this Court shall suspend the attorney until a final order is issued. The imposition of an interim suspension dovetails with this Court's longstanding policy that an attorney who is incarcerated or on probation should not be authorized to practice law during the course of disciplinary proceedings (*see Matter of Shapiro*, 81 AD3d 25 [1st Dept 2011]; *Matter of Adelman*, 279 AD2d 1, 4 [1st Dept 2000]).

Lastly, respondent is directed to show cause before a Hearing Panel of the Committee, which shall thereupon hold a hearing, within 90 days of his release from prison, and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be entered (Judiciary Law § 90 [4] [g]; *see e.g. Matter of O'Brien*, 98 AD3d at 62; *Matter of Davis*, 70 AD3d 53 [1st Dept 2009]).

Accordingly, the Committee's petition should be granted to the extent of deeming the offenses of which respondent has been convicted as "serious crimes" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), immediately suspending respondent from the practice of law pursuant to Judiciary Law

§ 90 (4) (f), and directing respondent to show cause within 90 days of release from prison before a Hearing Panel of the Committee, pursuant Judiciary Law § 90 (4) (g), why a final order of censure, suspension or disbarment should not be made.

FRIEDMAN, J.P., SWEENEY, ACOSTA, DEGRASSE and GISCHE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.