Matter of Hantman (2025 NY Slip Op 06652)

Matter of Hantman

2025 NY Slip Op 06652

Decided on December 02, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Troy K. Webber
Justice Presiding
Martin Shulman Julio Rodriguez III Bahaati E. Pitt-Burke John R. Higgitt
Justices.

Motion No. 2025-05382|Case No. 2025-00201|

[*1]In the Matter of Robert Jay Hantman an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Robert Jay Hantman (OCA Atty Reg. 2066538), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Robert Jay Hantman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on March 30, 1982.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Michael R. Perle, Esq., for respondent.

Per Curiam 

Respondent Robert Hantman was admitted to the practice of law in the State of New York by the Third Judicial Department on May 30, 1982. At all times relevant to this proceeding, he maintained a law office within the First Judicial Department.
On April 29, 2022, respondent was charged with Criminal Tax Fraud in the Third Degree, a class D felony; Repeated Failure to File Personal Income and Earnings Taxes, a class E felony; Criminal Possession of Stolen Property in the Fifth Degree, a class A misdemeanor; and Criminal Tax Fraud in the Fifth Degree, a class A misdemeanor. Pursuant to a negotiated pre-arrest agreement, respondent pleaded guilty to Criminal Possession of Stolen Property in the Fifth Degree, in violation of Penal Law §165.40, for his failure to timely file his 2019 New York State income tax return and pay the tax due. Prior to pleading guilty, respondent paid $168,842.17, the entirety of his remaining New York tax liabilities for 2016 through 2019. After pleading guilty, the remaining charges were dismissed, and respondent was sentenced to a $250 surcharge and a one-year conditional discharge.
On January 9, 2025, the Attorney Grievance Committee (AGC) served respondent with a petition of charges alleging that respondent violated rules 8.4(b) and 8.4(h) of the New York Rules of Professional Conduct (RPC) (22 NYCRR 1200.0). These charges stem from respondent's conviction and underlying conduct. On February 12, 2025, respondent submitted an answer admitting certain facts and denying all of the charges.
The parties now jointly move under Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5) for discipline by consent and ask this Court to publicly censure respondent. The motion is supported by a joint affirmation containing a stipulation of facts, factors in mitigation, conditional admissions, and agreed-upon discipline, as well as respondent's affidavit acknowledging his admission to the stipulated facts, his consent to the agreed upon discipline, which he has freely and voluntarily given, and his full awareness of the consequences of such consent.
The parties stipulate to the following facts: respondent did not timely file his 2016, 2017, 2018, and 2019 New York State income tax returns, instead filing each in 2020, while having an outstanding tax liability of more than $10,000 in each year; respondent did not timely file his 2016, 2017, 2018, and 2019 Federal income tax returns, instead filing each in 2020, while having an outstanding tax liability of more than $10,000 in each year; for the tax years from 2016 through 2019, respondent did remit withholding taxes due on his W-2 income, but respondent did not remit amounts owed due to his partnership income (i.e. amounts related to Internal Revenue Service [IRS] Schedule K-1); respondent failed to timely pay in full the income taxes he owed for the tax years 2016 through 2019; respondent's criminal charges were resolved as noted above; prior to pleading guilty, respondent remitted a check to the DTF for $168,842.17, which covered the entirety of his tax liabilities for the years 2016 through 2019, including tax interest and penalties; and respondent timely notified the Clerk of the Court of his conviction.
Respondent conditionally admits that his actions, as set forth above, violated the four charges alleged in the petition for violation of RPC rules 8.4(b) (charge one) and 8.4(h) (charges two through four).
The parties cite no factors in aggravation and stipulate to the following factors, among others, in mitigation: respondent was admitted in 1982 and has no prior disciplinary history; he cooperated with both the New York County District Attorney's Office and the AGC during their respective investigations; he has accepted full responsibility for his misconduct and has never attempted to blame anyone else; he has sincerely expressed remorse and contrition; respondent is well-regarded in the legal community and has a positive reputation for honesty and integrity; his misconduct was unrelated to the practice of law; there are no allegations of professional misconduct related to his service of a client; respondent's conduct did not involve any deceptive misconduct; he has performed significant hours of pro bono activities; and there is little likelihood that respondent's misconduct will recur. The AGC received a number of letters attesting to respondent's reputation for good character as well.
Under these circumstances, the parties agree that the discipline to be imposed should be a public censure (see Matter of Eppner, 62 AD3d 151 [1st Dept 2009]; Matter of Everett, 243 AD2d 75 [1st Dept 1998]).
The parties' joint motion for discipline by consent to impose a public censure should be granted. This Court has consistently imposed public censure in comparable tax-related disciplinary matters where the respondent's conduct was nonvenal, the misconduct aberrational, and the mitigating factors compelling, as here (see e.g. Matter of Clark, 60 AD3d 159 [1st Dept 2009]; cf. Matter of Bernfeld, 117 AD3d 26 [1st Dept 2014] [suspension for failure to remit taxes warranted where conduct included aggravating factor of substantial discretionary spending during the delinquency period]).
Accordingly, the parties' joint motion should be granted and respondent publicly censured.
All concur.
Wherefore, it is Ordered that the parties' joint motion for discipline by consent
pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent, Robert Jay Hantman, is publicly censured.
Entered: December 2, 2025