[646 NYS2d 279]

In the Matter of KENNETH GRIBETZ, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 15, 1996

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn, for petitioner.

*Susan Brotman,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing three charges of professional misconduct against him. The Special Referee sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate under the circumstances. The respondent cross-moves for an order confirming the Special Referee's report, except insofar as it sustains Charge One of the petition, and to issue an order publicly censuring respondent and reinstating him forthwith. The respondent's request to appear before the Court for the purpose of answering any additional questions is denied.

The three charges of the petition are predicated upon a common set of factual allegations. On May 3, 1995, the respondent entered a plea of guilty to one count of theft of Federal funds, in violation of 18 USC § 641, and one count of willful failure to supply information on tax returns and pay certain taxes, in violation of 26 USC § 7203. The plea was entered in the United States District Court for the Southern District of New York, before Judge Barrington D. Parker, Jr. Both crimes to which the respondent pleaded guilty are misdemeanors under Federal law and constitute "serious crimes" under New York State law.

Charge One alleged that the respondent engaged in illegal conduct involving moral turpitude in violation of Code of Professional Responsibility DR 1-102 (A) (3) (22 NYCRR 1200.3 [a] [3]).

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Three alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law in violation of DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

The respondent conceded Charges Two and Three but denied that he had engaged in conduct involving moral turpitude, as set forth in Charge One.

Under the circumstances, the Grievance Committee's motion to confirm the Special Referee's report is granted. The respondent's cross motion to disaffirm, in part, the Special Referee's report, is denied.

In determining an appropriate measure of discipline to impose, we have taken into consideration the profound remorse

expressed by the respondent, the suffering and humiliation which he has already endured, and the argument advanced by the respondent that his misconduct be viewed as a lapse of judgment in the context of the unrelenting demands of the District Attorney's office, his overwhelming work schedule, his charitable fundraising, and his community activities. The respondent also offered in mitigation a single epileptic incident which occurred in approximately 1988.

Notwithstanding the respondent's previously unblemished record, his lengthy and distinguished career as a public prosecutor, his involvement in laudatory charitable efforts, and the hundreds of letters and affirmations received in evidence from an array of distinguished individuals attesting that he is a man of integrity, the fact remains that the respondent has abused his position of public trust. The respondent received illegal cash referral fees paid to him in a covert and clandestine manner while he was the highest ranking law enforcement officer of Rockland County. He then intentionally failed to disclose those fees on his Federal income tax returns. As noted by the Assistant United States Attorney at the sentencing hearing: "[T]he defendant was ethically prohibited from receiving any money from referring cases to other lawyers on which he performed no work and he could not and did not perform any work on those cases because he was barred under New York law from doing so because of his position as Rockland County District Attorney".

Additionally, the respondent admitted, during his plea allocution in the United States District Court, Southern District of New York, that he "knowingly converted to [his] own use things of value of the United States," in that, he used county employees for personal matters between 1988 and 1993. The respondent conceded that part of the salaries of these employees, not amounting to more than $100, was paid with Federal funds.

We find, under the totality of circumstances, that the respondent's disbarment is warranted.

MANGANO, P. J., BRACKEN, THOMPSON, PIZZUTO and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted only to the extent that Charges two and three of the petition are sustained and the cross motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Kenneth Gribetz, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kenneth Gribetz is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.