[678 NYS2d 599]

In the Matter of ARNOLD PAUL PROSPERI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 1, 1998

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Thomas P. Puccio* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Arnold Paul Prosperi was admitted to the practice of law in the State of New York by the First Judicial Department on March 25, 1974.

The Departmental Disciplinary Committee now seeks an order determining that certain crimes of which respondent has been convicted are "serious crimes" as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b), suspending respondent as an attorney and counselor-at-law pursuant to Judiciary Law § 90 (4) (f), and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made. Respondent consents to the relief requested.

In support of its petition, petitioner has presented evidence demonstrating that, on or about November 6, 1997, respondent was convicted, after a jury trial, in the United States District Court for the Southern District of Florida, of three counts of making and possessing counterfeit securities, in violation of 18 USC § 513, and two counts of submitting false tax returns, in violation of 26 USC § 7206 (1), which are felonies under the United States Code. According to an affidavit filed by respondent, which has not been refuted by petitioner, subsequent to the trial, his conviction for making and possessing counterfeit securities was set aside and he was sentenced to a term of 36 months in prison on the remaining counts.

Judiciary Law § 90 (4) (d) defines "serious crime", in pertinent part, as "any criminal offense denominated a felony under the laws of any state, district or territory of the United States which does not constitute a felony under the laws of this state".

Section 603.12 (b) of the Rules of this Court states, in pertinent part, "The term 'serious crime' shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law".

We find that the crime of which respondent has been convicted, i.e., submitting false tax returns in violation of 26 USC § 7206 (1), which is a felony under the United States Code, is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and section 603.12 (b) of the Rules of this Court.

Respondent does not contest the designation of the offense as a serious crime, nor the imposition of an interim suspension

pursuant to Judiciary Law § 90 (4) (f).* He has instead requested a hearing for the purpose of presenting evidence in mitigation, to which he is entitled pursuant to Judiciary Law § 90 (4) (h).

Accordingly, the petition should be granted, the offense of which respondent has been found guilty should be deemed to be a serious crime within the meaning of Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b), respondent should be suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f), and respondent should be directed, pursuant to Judiciary Law § 90 (4) (g), to show cause before a Referee who shall thereupon hold a hearing and issue a report and recommendation why a final order of censure, suspension or disbarment should not be made.

LERNER, P. J., SULLIVAN, ELLERIN, NARDELLI and RUBIN, JJ., concur.

Petition granted, the crime of which respondent has been convicted deemed a "serious crime", and respondent suspended from the practice of law in the State of New York, effective October 1, 1998, and until the further order of this Court, and respondent directed to show cause before a Referee why a final order of censure, suspension or disbarment should not be made.

---

* "Any attorney and counsellor-at-law convicted of a serious crime, as defined in paragraph d of this subdivision, whether by plea of guilty or nolo contendere or from a verdict after trial or otherwise, shall be suspended upon the receipt by the appellate division of the supreme court of the record of such conviction until a final order is made pursuant to paragraph g of this subdivision.

"Upon good cause shown the appellate division of the supreme court may, upon application of the attorney or on its own motion, set aside such suspension when it appears consistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice."