[681 NYS2d 26]

In the Matter of RICHARD H. KELLY, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 3, 1998

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Timothy J. Brennan* of counsel (*Brennan Fabriani & Novenstern*, attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Richard H. Kelly, was admitted to the practice of law in New York by the Second Judicial Department on February 25, 1976. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

At a trial in the United States District Court, Eastern District of New York, respondent was found guilty of interfering with the administration of the internal revenue laws, in violation of 26 USC § 7212 (a). On May 9, 1997, respondent was sentenced to a prison term of 18 months, fined $5,000, and required to pay an assessment of $50. The District Court enhanced his sentence under the Federal Sentencing Guidelines, because, *inter alia*, it found that respondent had lied under oath with respect to material matters during his trial.

The underlying facts of respondent's conviction may be summarized as follows. Respondent entered into a contract with Intercontinental Monetary Corporation (IMC) in which he agreed to provide financial consulting services from 1988 to 1990 in return for $244,200. Respondent reported IMC's payment of $122,100 as gross income on his personal income tax return but deducted it, claiming that he had assigned the money to D.M. Condor & Company (Condor), a financial services corporation established and controlled by respondent and his associate. However, he never really transferred the money to Condor, nor did Condor pay tax on this income. In 1991, when an Internal Revenue Service agent audited respondent, the latter told the agent this same false story about the purported assignment, and even showed the agent an assignment agreement executed by Condor and himself. After investigation, the agent determined that the alleged assignment was a sham that had allowed both respondent and Condor to escape paying the tax on this money, costing the Federal Government approximately $68,000.

By order and decision entered March 19, 1998, this Court found that respondent's Federal felony conviction was a "serious crime" as defined by Judiciary Law § 90 (4) (d), and suspended him from the practice of law pursuant to Judiciary Law § 90 (4) (f) pending a hearing to determine the appropriate sanction (*Matter of Kelly*, 241 AD2d 45). The sanction hearing was held before a Referee on June 5, 1998. While the Referee was considering his decision, the United States Court of Appeals for the Second Circuit affirmed respondent's conviction

and sentence on June 18, 1998 (*United States v Kelly*, 147 F3d 172). On June 30, 1998, the Referee issued his report recommending that respondent be disbarred.

The Hearing Panel subsequently issued its own report on September 4, 1998, instead recommending a four-year suspension. By petition dated September 28, 1998, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the Hearing Panel's findings of fact and conclusions of law and imposing whatever sanction this Court deems appropriate.

Sanctions imposed by this Court for felony tax evasion have included disbarment (*Matter of Oshatz*, 181 AD2d 382 [fraudulent tax shelter scheme]; *Matter of Chervin*, 181 AD2d 111 [failure to file returns for 20 years]). Disbarment for Federal tax offenses is particularly appropriate when the filing of a false return was combined with other criminal or wrongful conduct (*Matter of Gribetz*, 223 AD2d 149, 151 [false tax returns to hide illegally obtained referral fees]; *see also, Matter of Vagionis*, 241 AD2d 276, 278 [disbarment appropriate for filing fraudulent return in context of illegal scheme, regardless of whether misconduct is considered New York felony or "serious crime"]). Due to several aggravating circumstances, including respondent's misrepresentations and presentation of a sham assignment agreement to a Federal agent, and respondent's lies under oath at his criminal trial, and the absence of any mitigating evidence or signs of contrition and reform (*compare, Matter of Messinger*, 181 AD2d 379), respondent deserves no lighter punishment than the disbarred attorney in *Matter of Oshatz* (*supra*), who also filed false tax returns and then created sham transaction documentation to conceal the unreported income.

Accordingly, the Committee's petition should be granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law. The recommended sanction of a four-year suspension should be disaffirmed and respondent should be disbarred.

MILONAS, J. P., ROSENBERGER, ELLERIN, WALLACH and RUBIN, JJ., concur.

Motion granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, and disaffirming the recommended sanction, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of

New York, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, all effective immediately.