[702 NYS2d 259]

In the Matter of Arnold Paul Prosperi, a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, January 25, 2000

**APPEARANCES OF COUNSEL**

*La Trisha A. Wilson* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Thomas P. Puccio* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Arnold P. Prosperi was admitted to the practice of law in the State of New York by the First Judicial Department on March 25, 1974, as Arnold Paul Prosperi. Since 1977, respondent has lived in Florida, where he practiced law until December 6, 1995.

Petitioner Departmental Disciplinary Committee seeks an order sanctioning respondent as this Court deems just. Petitioner has shown that, on November 11, 1997, respondent was convicted, after a jury trial in the United States District Court for the Southern District of Florida, of two counts of submitting false tax returns, in violation of 26 USC § 7206 (1), a felony under the United States Code.* Respondent's conviction was based upon the underreporting of income on his 1989 and 1990 Federal tax returns due to his failure to report as income over $800,000 in 1989 and over $500,000 in 1990 received from the Amaretto Corporation as "loans." Although the jury found that these self-styled loans were taxable income, respondent continues to maintain his innocence.

Respondent was sentenced on March 27, 1999 to a three-year term in prison, a year of supervised release after his release from prison and a fine of $25,000. His conviction is currently on appeal, and he remains at liberty pending appeal. On October 8, 1998, the Supreme Court of Florida suspended respondent from the practice of law for five years nunc pro tunc to the date he had voluntarily ceased practicing law, December 6, 1995.

By order entered October 1, 1998 (247 AD2d 97), this Court determined that the crimes of which respondent was convicted are "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) of the rules of this Court, suspended respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and directed respondent pursuant to Judiciary Law § 90 (4) (g) to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension or disbarment should not be made.

Petitioner, having duly held a hearing, now submits the record of the proceedings in this matter to this Court pursuant to

---

* Respondent was also convicted of three counts of making and possessing counterfeit securities, in violation of 18 USC § 513, but that conviction was subsequently set aside.

22 NYCRR 605.15 (e) (1) and seeks an order sanctioning respondent as this Court deems just.

We find that respondent should be suspended from the practice of law for three years, retroactive to October 1, 1998, or for the term of his prison sentence and supervised release, whichever is longer. In making this determination, we take into account, as urged by respondent, that his disciplinary record is otherwise unblemished, while also recognizing that respondent failed to report to the tax authorities a very substantial sum of money.

We also note that the cases cited by the Hearing Panel in support of its recommendation of a harsher sanction are inapposite. In *Matter of Kelly* (250 AD2d 291), there were serious aggravating circumstances including a finding that the attorney had created sham documentation to hide his transgression and had lied under oath. *Matter of Oshatz* (181 AD2d 382) dealt with involvement in a fraudulent tax shelter scheme. *Matter of Chervin* (181 AD2d 111) involved the failure to file tax returns at all for 20 years, while the instant matter involved a two-year period and the underreporting of income.

Accordingly, respondent should be suspended from the practice of law for three years, retroactive to October 1, 1998, or for the term of his prison sentence and supervised release, whichever is longer.

SULLIVAN, J. P., NARDELLI, ELLERIN, LERNER and RUBIN, JJ., concur.

Motion granted to the extent of suspending respondent from the practice of law in the State of New York for a period of three years, retroactive to October 1, 1998, or for the term of his prison sentence and supervised release, whichever is longer, and until the further order of this Court.