Matter of Little (2025 NY Slip Op 03973)

Matter of Little

2025 NY Slip Op 03973

Decided on July 01, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Troy K. Webber
Justice Presiding

Motion No. 2025-01779|Case No. 2023-04476|

[*1]In the Matter of Michael John Little a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael John Little (OCA Atty Reg. 4347290), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael John Little, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 8, 2005.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael John Little, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 8, 2005.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner
Respondent, pro se.
Motion No. 2025-01779
In the Matter of Michael John Little, a suspended attorney
Per Curiam
Respondent Michael J. Little was admitted to the practice of law in the State of New York by the First Judicial Department on September 8, 2005, under the name Michael John Little. Respondent maintains a registered address in the United Kingdom, where he has been a licensed solicitor and barrister.[FN1] As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (22 NYCRR § 1240.7[a][2]).
By order dated February 15, 2024, this Court deemed respondent's April 10, 2018 federal convictions for, inter alia, obstructing and impeding the due administration of the internal revenue laws (26 USC § 7212[a]), conspiracy to defraud the IRS (18 USC § 371), aiding and assisting the preparations of false IRS forms (26 § USC 7206[2]), all felonies, and willful failure to file individual income tax returns (26 USC § 7203), a misdemeanor, "serious crimes" as defined by Judiciary Law § 90(4)(d). Respondent was immediately suspended from the practice of law until further order of the Court (Judiciary Law § 90[4][f], 22 NYCRR § 1240.12[b][2]).
This Court appointed a referee to conduct a sanction hearing and issue a report and recommendation as to final discipline (Judiciary Law § 90[4][g], 22 NYCRR § 1240.12[c][2][i] and [iv]) (225 AD3d 19 [1st Dept 2024]). By report dated March 21, 2025, the Referee recommended that respondent be disbarred, effective nunc pro tunc to the date of his interim suspension.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to 22 NYCRR 603.8-a(t)(4) and 1240.8(b)(1), that the Court confirm the Referee's sanction recommendation and disbar respondent retroactive to the date of his interim suspension.
Respondent opposes the motion and requests that a final decision be stayed pending resolution of his coram nobisappeal. In the alternative, respondent requests that "the Court consider disbarment from the date of conviction, April 10, 2018, rather than nunc pro tunc" to the date of his interim suspension.
First, there is no compelling reason to grant respondent's request for a stay while his third appeal to the Second Circuit is pending.[FN2] Respondent's conviction was affirmed by the Second Circuit in 2020. Should he obtain coram nobis relief, he can move to have any discipline imposed by this Court based on his conviction vacated under Judiciary Law § 90(5).
Second, disbarment is the appropriate sanction in this case given the level of criminal conduct, [*2]dishonesty, and the lack of any significant mitigation found by the Referee (Matter of Kelly, 250 AD2d 291 [1st Dept 1998] [disbarment based on federal felony conviction for falsified personal income tax return which misrepresented amount of taxable income from financial consulting services; aggravation included presentation of a sham assignment agreement to an IRS agent and false testimony at criminal trial, no mitigation]).
Third, respondent failed to notify the AGC of his conviction within 30 days thereafter, which "failure shall be deemed professional misconduct " (Judiciary Law §90[4][c]), which has also been cited as an aggravating factor with respect to sanction determination (Matter of Bradshaw, 169 AD3d 200, 202 [1st Dept 2019] [failure to promptly report tax conviction cited as aggravating factor]).
Finally, respondent does not give any compelling reason to disturb the Referee's recommendation that he be disbarred, effective nunc pro tunc to the date of his interim suspension.
Accordingly, the AGC's motion should be granted, and respondent should be disbarred, effective nunc pro tunc to February 15, 2024, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department, to confirm the Referee's report and recommendation, pursuant to 22 NYCRR 603.8-a(t)(4) and 1240.8(b)(1), is granted, and respondent, Michael John Little, is disbarred and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to February 15, 2024, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Michael John Little, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent, Michael John Little, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Michael John Little, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: July 1, 2025

Footnotes

Footnote 1: By judgment of the Solicitors Regulation Authority (SRA) dated March 2, 2024, respondent was struck from the United Kingdom's Roll of Solicitors.

Footnote 2: On September 30, 2020, the Second Circuit affirmed respondent's conviction, but found that the trial court erred in directing $134,499 in restitution for respondent's failure to file individual income tax returns and it remanded the matter for further proceedings on the issue (828 Fed Appx 34 [2d Cir 2020], cert denied 141 S Ct 2783 [2021]). On remand, the government decided not to seek restitution with respect to respondent's conviction for failure to file individual income tax returns and the balance of the $4,218,140 in restitution, for which respondent was to be jointly and severally liable with his coconspirators, was left undisturbed (2021 WL 1226890, 2021 US Dist LEXIS 64011 [SD NY 2021]). Additionally, respondent unsuccessfully appealed the denial of his motion for a new trial (2022 WL 1739693, 2022 US App [2d Cir 2022]). Also, in July 2024, the court denied respondent's petition for a writ of error coram nobis (2024 WL 3272984, 2024 US Dist LEXIS 117990 [SD NY 2024]); respondent has appealed to the Second Circuit but, as of May 7, 2025, no decision has been issued.